IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SAMUEL BARRERA, *individually and on behalf of all others similarly situated*, <br><br> Plaintiff, <br><br> v. <br><br> GUARANTEED RATE, INC., a Delaware corporation, <br><br> Defendant. | Case No. 1:17-cv-05668 <br><br> Hon. John R. Blakey |

# PLAINTIFF'S MOTION TO COMPEL DEFENDANT

# TO PRODUCE RELEVANT DISCOVERY

1520716.1

**TABLE OF CONTENTS**

**Page**

I. INTRODUCTION ................................................................................................................1

II. FACTUAL BACKGROUND AND PROCEDURAL HISTORY.........................................1

III. LEGAL STANDARD ..........................................................................................................4

IV. ARGUMENT .......................................................................................................................5

    A. Identification Of Persons Who Received Automated Telemarketing Calls From GRI Is Relevant To Plaintiff's Burdens On Class Certification........................5

        1. The Call List Is Relevant to Ascertainability. ..................................................6

        2. The Call List Is Relevant to Numerosity..........................................................7

        3. The Call List Is Relevant to Commonality and Predominance........................7

    B. Call Data Is Potentially Relevant To GRI's Potential Affirmative Defense of Prior Express Consent. .................................................................................................8

V. CONCLUSION ..................................................................................................................10

CERTIFICATE OF SERVICE................................................................................................12

**I.      INTRODUCTION**

This class action lawsuit arises under the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, *et seq*. Pursuant to Federal Rule of Civil Procedure 37 and Local Rule 37.2, Plaintiff hereby moves the Court for an order compelling Defendant Guaranteed Rate, Inc. ("GRI") to provide data regarding the calls at issue in this litigation. Plaintiff's pre-class-certification request for a list of the autodialed calls placed to putative class members' cellular phones ("Call List") and related data ("Call Data") is "standard practice" in actions under the TCPA, and fully supported by case law. *See, e.g.*, *Ossola v. Am. Express Co.,* 2015 WL 5158712, at *7 (N.D. Ill. Sept. 3, 2015) ("Call data is relevant, and thus produced as standard practice . . . in cases where the defendant is the alleged dialer.").

GRI's Call List and Call Data are relevant to the class certification issues of numerosity, ascertainability, and commonality. *See* Fed. R. Civ. P. 23(a) & (b). GRI's Call Data is also potentially relevant on the merits to GRI's proposed affirmative defense of prior express written consent.

To date, GRI refuses to identify or produce a Call List or Call Data. GRI has not articulated any specific burden supporting its blanket refusal to do so. Nor has GRI cited a single case supporting its position. By this Motion, Plaintiff merely requests that the Court compel GRI to provide the Call List and Call Data consistent with standard practice.

**II.     FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

Plaintiff and proposed class members seek to recover damages and injunctive relief from GRI, an Internet-based residential mortgage company that captures consumer information through its website (the "Website") and uses that information to make thousands of auto-dialed telemarketing calls in violation of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, *et seq*. GRI owns and operates the Website, which is designed to mislead consumers into

- 2 -

believing they can view mortgage quotes online when those consumers enter their personal information, including their phone numbers. Doc. 1 (Class Action Compl.) at ¶¶ 22-39. Any consumer who enters his or her personal information on GRI's Website and clicks the "Get your free quote" button—purportedly to get an online mortgage quote—is instead bombarded with auto-dialed telemarketing calls from GRI. *Id.* In fact, consumers across the country lodged complaints about GRI's abusive telemarketing tactics. *See id.* at ¶ 48 & Exh. B.

On November 20, 2017, following the Court's denial of GRI's motion to dismiss, Plaintiff served his First Set of Interrogatories and Requests for Production on GRI. *See* Declaration of Gary Klinger ("Klinger Decl."), at ¶ 3 and Exs. A and B, filed contemporaneously herewith. Plaintiff requested, *inter alia*, the Call List and Call Data with two interrogatories and six requests for production. Interrogatory No. 8 requested the Call List, i.e., the cellular telephone numbers, names, and addresses of each person called. Interrogatory No. 9 and Request Nos. 19-24 requested the Call Data, i.e., related data and documents from GRI's databases regarding each person on the Call List

At the December 6, 2017 status hearing, the parties agreed to a mutual extension to respond to the parties' respective first set of written discovery requests making all responses due on January 19, 2018. Klinger Decl., at ¶ 4.

On January 4, 2018, GRI requested a further extension until January 26, 2018. Klinger Decl., at ¶ 5. Based on GRI's representation that it would provide substantive responses, Plaintiff agreed. *Id.*

On January 24, 2018, GRI requested an additional 1-week extension to complete its discovery responses. Klinger Decl., at ¶ 6. Plaintiff again agreed thereby making all responses due on February 2, 2018. *Id.*

On February 2, 2018, GRI served its Responses and Objections to First Set of

Interrogatories and Requests for Production. Klinger Decl., at ¶ 7 and Exs. C and D. However, rather than providing responsive information, GRI's responses consisted largely of objections. GRI produced only a single five-page document.[1]

With regard to the two interrogatories for a Call List and Call Data, GRI's *only* objection was that the requests were vague and ambiguous. Klinger Decl., Ex. C at Responses 8-9. GRI affirmed that "GRI is willing to meet and confer with Plaintiff's counsel." *Id.* With regard to document requests for Call Data, GRI further objected that the requests were "overbroad, unduly burdensome, and not proportional to the needs of the case," and purportedly contained attorney-client and/or work product privileged materials. Klinger Decl., Ex. D at Responses 19-24.

The parties met and conferred extensively over a five-week period. *See* Klinger Decl., at ¶ 8; *see also* L.R. 12(k) (requiring good-faith attempts to resolve differences before filing discovery motions). During that time period, Plaintiff further clarified the information sought. Klinger Decl., at ¶ 9. Consistent with the written discovery responses, GRI never raised any relevance objection or articulated any burden associated with collecting a Call List for persons whose numbers GRI harvested from the Website. *Id.* ¶ 9. To the contrary, GRI's counsel explained that such information was recoverable from GRI's records. *Id.*

Yet, despite the lengthy meet and confers, the parties have been unable to break the logjam caused by GRI's blanket refusal to produce any Call List or Call Data. The fact discovery cut-off related to class certification is April 20, 2018. Doc. 35. Accordingly, Plaintiff seeks the Court's intervention so that parties may comply with the Court-ordered discovery deadline.

---

[1] After a five-week meet-and-confer process, GRI confirmed it will produce less than 1,000 pages of additional documents, but was not able to commit to a date certain for its production, Plaintiff's counsel are working with GRI's counsel in an attempt to secure production sufficiently in advance of the upcoming class certification discovery cut-off of April 20, 2018.

## III.     LEGAL STANDARD

"Mutual knowledge of all the relevant facts gathered by both parties is essential to proper litigation." *Hickman v. Taylor*, 329 U.S. 495, 507 (1947). The Federal Rules of Civil Procedure broadened the scope of discovery to include "any nonprivileged matter that is relevant to any party's claim or defense…. Information within this scope need not be admissible in evidence to be discoverable." Fed. R. Civ. P. 26(b)(1). The concept of relevance in the context of Fed. R. Civ. P. 26 "has been construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." *Oppenheimer Fund v. Sanders*, 437 U.S. 340, 351 (1978). "Courts commonly look unfavorably upon significant restrictions placed upon the discovery process." *Yahnke v. County of Kane*, No. 12-cv-5151, 2013 U.S. Dist. LEXIS 121573, at *4 (N.D. Ill. Aug. 27, 2013); *see also Bond v. Utreras*, 585 F.3d 1061, 1075 (7th Cir. 2009).

When ruling on a motion to compel, a "district court may grant or deny the motion in whole or in part, and similar to ruling on a request for a protective order under Rule 26(c), the district court may fashion a ruling appropriate for the circumstances of the case. *Gile v. United Air Lines, Inc.*, 95 F.3d 492, 496 (7th Cir. 1996). The party objecting to the request bears the burden of showing that a particular discovery request is improper. Fed. R. Civ. P. 34(b); *see also, e.g.*, *Kodish v. Oakbrook Terrace Fire Prot. Dist.*, 235 F.R.D. 447, 450 (N.D. Ill. 2006); *Heraeus Kulzer, GmbH v. Biomet, Inc.*, 633 F.3d 591, 598 (7th Cir. 2011) ("A specific showing of burden is commonly required by district judges faced with objections to the scope of discovery."). Lack of such a foundation is grounds for dismissing the objections and ordering production. *Id.*

### IV.     ARGUMENT

####     A.     Identification Of Persons Who Received Automated Telemarketing Calls From GRI Is Relevant To Plaintiff's Burdens On Class Certification.

GRI's *only* objection to producing the Call List is that Plaintiff's request was vague and ambiguous  That objection is wholly without merit.  Plaintiff clearly asked GRI to identify the cellular telephone number, name, and address of each person GRI called at any time on or after August 3, 2013, after obtaining their information through the Website.  *See* Interrogatory No. 8.  Plaintiff further requested the date and time of each call.  *See* Interrogatory No. 9.  In addition, Plaintiff explained the request for the Call List in a series of meet and confer calls.  GRI never raised, and has therefore waived, all other objections.  *See,e.g., Murphy v. Caterpillar, Inc.*, No. 12-CV-1526, 2014 WL 349258, at *1 (C.D. Ill. Jan. 31, 2014) ("[o]bjections to interrogatories that are not timely made are waived").  As explained below, the Call List is clearly relevant to issues to be decided upon at class certification and must be produced.

Requesting a list of persons called via automated means is a standard practice in TCPA class litigation.  "[A] list of phone numbers may very well bear direct relevance to a violation of the TCPA concerning the dialing of the very phone numbers listed."  *Knutson v. Schwan's Home Serv., Inc.*, 2013 WL 3746118, at *4 (S.D. Cal. July 15, 2013) (ordering the production of a "dial list" consisting of everyone in the plaintiff's proposed class).  Such information is relevant because it speaks to issues upon which a district court must pass in deciding whether a suit should proceed as a class action under Rule 23, such as numerosity, ascertainability, commonality, and predominance.  For these reasons, production of a call list is routinely ordered in this District. *See, e.g., Martin v. Bureau of Collection Recovery*, No. 10 C 7725, 2011 U.S. Dist. LEXIS 157579 at *8-*12 (N.D. Ill. June 13, 2011) (St. Eve, J.) (granting plaintiffs' requests for a call list); *Donnelly v. NCO Fin. Sys., Inc.,* 263 F.R.D. 500, 503-504 (N.D. Ill. 2009) (Nolan, J.) (granting plaintiffs' request for

- 5 -

1520716.1

defendant's call logs); *Whiteamire Clinic, P.A. v. Quill Corp.*, 2013 WL 5348377, at *2 (N.D. Ill. 2013) (granting plaintiff's request for call list; "the information plaintiff seeks…is clearly relevant to class discovery; specifically to the issues of numerosity, commonality, and typicality"). As discussed below, the Call List in GRI's possession goes directly to the elements necessary to certify a class.

        **1.**       **The Call List Is Relevant to Ascertainability.**

First, the Call List is relevant to determine whether the class is ascertainable. A class must be defined objectively so that it is possible for class members to identify themselves. *See Johnson v. Yahoo! Inc.*, 1:14-cv-2028, 2016 WL 25711, at *2 (N.D. Ill. Jan. 4, 2016) ("Plaintiffs' proposed classes—both the primary one and the two subclasses—are ascertainable because they are defined precisely, defined by objective criteria, and are not defined in terms of success on the merits. Nothing more is required.") (citing *Mullins v. Direct Digital, LLC*, 795 F.3d 654, 659 (7th Cir. 2015)). Put simply, a class is considered to be ascertainable "so long as it is defined by objective criteria." *Saltzman v. Pella Corp.*, 257 F.R.D. 471, 475 (N.D. Ill. 2009) *aff'd*, 606 F.3d 391 (7th Cir. 2010).

While Plaintiff has objectively defined the class to include "[a]ll persons within the United States who provided their cell phone number on Defendant's Ad Page and then received a non-emergency telephone call from Defendant, or any party acting on its behalf, to a cellular telephone through the use of an automated telephone dialing system or an artificial or prerecorded voice," GRI refuses to provide basic information in its possession regarding who is in the proposed class. Only GRI has information and knowledge regarding which persons used its Website and then received a telephone call from GRI as a result.

Plaintiff therefore seeks that information in order to meet his burden on class certification with regard to ascertainability. A call list is routinely produced in class discovery for this very

- 6 -

reason. *See, e.g.*, *Donnelly,* 263 F.R.D. at 504 ("The court has already concluded that discovery aimed at ascertaining a potential class list is proper."); *Stemple v. QC Holdings, Inc.*, 2013 U.S. Dist. LEXIS 99582 at *6 (S.D. Cal. June 17, 2013) ("A request for an outbound dial list in a TCPA action is relevant to class certification issues, such as 'the number and ascertainability of potential class members.'") (citation omitted); *Legg v. American Eagle Outfitters, Inc.*, 14-cv-61058, Order, Dkt. 69 (S.D. Fla. Nov. 21, 2014) (ordering production of text message call data in TCPA case because it is "relevant discovery on whether a class is ascertainable and to class factors such as numerosity, typicality and commonality."); *Gaines v. Law Office of Patenaude & Felix, A.P.C.*, 2014 U.S. Dist. LEXIS 110162 at *5 (S.D. Cal. June 12, 2014) (in a TCPA case, "the outbound dial list is relevant to the issues of numerosity and commonality under Federal Rule of Civil Procedure 23(a), and is therefore discoverable."); *City Select Auto Sales Inc. v. BMW Bank of North America, Inc.*, 867 F.3d 434, 440-41 (3d Cir. 2017) (class-wide call data relevant to ascertainability).

### 2.     The Call List Is Relevant to Numerosity.

Similarly, the Call List supports a showing of numerosity. The numerosity prerequisite is met if "the class is so numerous that joinder of all members is impracticable." Fed. R. Civ. P. 23(a)(1). Only GRI knows how many of those calls were placed to cell phones during the class period in violation of the TCPA. GRI has not raised any burden in producing this information, and Plaintiff is entitled to it in order to establish the size of the putative class. *See, e.g., Whiteamire,* 2013 WL 5348377, at *3 (call list relevant to numerosity); *Stemple*, 2013 U.S. Dist. LEXIS 99582 at *6 (same); *Legg*, 14-cv-61058, Order, Dkt. 69 (same); *Gaines*, 2014 U.S. Dist. LEXIS 110162 at *5 (same); *Doherty v. Comenity Capital Bank & Comenity Bank*, 2017 WL 1885677, at *4 (S.D. Cal. 2017) (same).

### 3.     The Call List Is Relevant to Commonality and Predominance.

Additionally, the Call List is relevant to both commonality and predominance. The

- 7 -

commonality requirement is met if at least one legal or factual question is common to every member of the class. Fed. R. Civ. P. 23(a)(2). The predominance analysis focuses on whether the legal or factual issues to be resolved on a class-wide basis are more important than those that could only be resolved on an individual basis. Fed. R. Civ. P. 23(b)(3); *see also Parko v. Shell Oil Co.*, 739 F.3d 1083, 1085 (7th Cir. 2014). Here, the common question to which the Call List plainly relates is whether the class members were all called **on cellular phones** by an autodialer. *See, e.g., Knutson*, 2013 WL 11070939, at *1-2 ("The common question is thus, 'were we all called *on our cellular telephones*, by an autodialer or artificial or prerecorded voice, on behalf of [Defendants]. . . .'") (emphasis in original); *Doherty*, 2017 WL 1885677, at *4 ("The Court finds that outbound dial lists are relevant to establish the issues of numerosity and commonality."); *Whiteamire,* 2013 WL 5348377, at *3 (call list relevant to commonality); *Haghayeghi v. Guess?, Inc.*, 168 F. Supp. 3d 1277, 1280 (S.D. Cal. 2016) ("Here, the information can be used toward discovery of whether the putative class suffered the same alleged injury of receiving unauthorized text messages from Defendant, and thus would bear on issues of commonality and typicality.").

Plaintiff's requests in this case—which are adapted from a set of discovery that has been used by Plaintiff's counsel in many TCPA cases—are substantially similar to the requests in the many other cases cited above. The Call List is relevant to establish, at a minimum, ascertainability, numerosity and commonality and can only be obtained from GRI.

For these reasons, Plaintiff respectfully requests that the Court an order compelling GRI to provide the Call Data responsive to Plaintiff's requests.

      **B.**    **Call Data Is Potentially Relevant To GRI's Potential Affirmative Defense of Prior Express Consent.**

Additionally, the Call Data is relevant to GRI's potential affirmative defense of prior express written consent. Prior express written consent is "an affirmative defense on which the

- 8 -

defendant bears the burden of proof; it is not a required element of the plaintiff's claim." *Sullivan v. All Web Leads, Inc.*, No. 17 C 1307, 2017 WL 2378079, at *4 (N.D. Ill. Jun. 1, 2017) (Leinenweber, J.) (citation omitted); *see also In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, 30 FCC Rcd. 7961, 30 F.C.C.R. 7961 (F.C.C. 2015) ("2015 FCC Ruling"), at ¶ 47.

Here, whether or not GRI obtained prior express written consent can be determined based on the plain language of GRI's Website. GRI has nonetheless argued during the parties' meet and confers that notes and records regarding class members in GRI's database are relevant to the issue of prior express written consent. Yet, at the same time, GRI has argued that production of Call Data necessary to test its prior express written consent defense is unduly burdensome.

In this District, GRI's position is untenable. In *Martin*, the defendant also argued that it planned to raise a "prior express consent" affirmative defense, but "objected to turning over documents pertaining to this defense." *Martin v. Bureau of Collection Recovery*, No. 10 C 7725, 2011 WL 2311869, at *1 (N.D. Ill. June 13, 2011) (St. Eve, J.). The court noted Judge Cox's observations regarding similar discovery requests in *Fike v. The Bureaus*, Case No. 09 C 2258 (N.D. Ill.):

> If defendant cannot substantiate this defense with documents or information responsive to the interrogatory, it should say so under verification and withdraw that defense.

*Id.* Accordingly, the court rejected all burden arguments and "reject[ed] [the defendant's] argument that this discovery should be postponed until after the disposition of the class certification motion." *Id.* at *4.

Therefore, to the extent that GRI intends to make a prior express written consent argument in opposition to class certification, GRI must produce all records regarding that argument to

- 9 -

Plaintiff. *See Martin*, 2011 WL 2311869, at *4; *Gilman et al. v. ER Solutions*, No. C11-0806-JCC, Order, Dkt. No. 67, at p.4 (W.D. Wash. Feb. 3, 2012) ("Class certification cannot fairly be evaluated without information on whether others received automated calls to which they did not expressly consent, and Plaintiffs have no way to gather this information aside from the discovery requests [defendant] opposes."); *Thrasher v CMRE Financial Services, Inc.*, 2015 U.S. Dist. LEXIS 34965 (S.D. Cal. March 13, 2015) (ordering production of outbound call lists and information pertaining to the defense's affirmative defense of prior consent). If GRI does not produce the records, it should withdraw the defense. *See Martin*, 2011 WL 2311869, at *4. GRI can either produce information that purportedly supports its spurious prior express written consent argument or withdraw the argument. It cannot have it both ways.

### V. CONCLUSION

Plaintiff respectfully requests that the Court enter an Order:

    a. Compelling Defendant GRI to produce the Call List and Call Data within seven (7) days; and

    b. Providing such other relief as the Court deems just and proper.


Dated: March 12, 2018　　　　　　　　*/s/ Daniel M. Hutchinson*

**LIEFF CABRASER HEIMANN & BERNSTEIN, LLP**
Jonathan D. Selbin
Email: jselbin@lchb.com
250 Hudson Street, 8th Floor
New York, NY 10013
Telephone: (212) 355-9500
Facsimile: (212) 355-9592

Daniel M. Hutchinson
Email: dhutchinson@lchb.com
275 Battery Street, 29th Floor
San Francisco, CA 94111-3339
Telephone: (415) 956-1000

1520716.1

- 11 -

Facsimile: (415) 956-1008

John T. Spragens
Email: jspragens@lchb.com
One Nashville Place
150 Fourth Avenue North, Suite 1650
Nashville, TN 37219-2423
Telephone: (615) 313-9000
Facsimile: (615) 313-9965

**KOZONIS LAW, LTD.**
Gary M. Klinger (IL. Bar 6303726)
4849 N. Milwaukee Ave., Ste. 300
Chicago, Illinois 60630
Phone: 312.283.3814
Fax: 773.496.8617
gklinger@kozonislaw.com
NDIL Trial Bar Member

*Attorneys for the Plaintiff and the Proposed Class*

1520716.1

- 12 -

**CERTIFICATE OF SERVICE**

   John T. Spragens, an attorney, hereby certifies that he caused a copy of the foregoing to be served on all counsel of record by electronically filing the document with the Clerk of Court using the ECF system this 12th day of March, 2018.

                   */s/ John T. Spragens*
                   John T. Spragens